

718.935.9192
info@ecpatusa.org
www.ecpatusa.org

February 24, 2022

Lori L. Cohen, CEO

**Board of Directors**
Jason Matthews, Chairperson

Natalie Volin Lehr, Vice Chairperson

Faiza Mathon-Mathieu, Secretary

Christina Massalay, Treasurer

Sharon Appelman

Hon. Fernando Camacho

Robyn Conlon

Rev. Adrian Dannhauser

James Heyworth

Eric Jacobs

Katrina Massey

Jason Matthews

Dr. Santhosh Paulus

Elisabeth Shuman

Karen Weiss

Our mission is to protect every child's right to grow up free from sexual exploitation and trafficking through legislative advocacy, education, and partnerships.

Our Vision
A world in which no child is bought, sold, or used for sex.

The Hon. Allyne R. Ross
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Broooklyn, NY 11201

      Re:  United States v. Melendez-Rojas, et al., 17-CR-434 (ARR)
            Letter Motion to Reconsider Restitution Order

Dear Judge Ross:

This letter-motion is respectfully submitted on behalf of victim "Delia" pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and US District Court Local Civil Rule 6.3, to request that the court reconsider the restitution order in the Judgments of Jose Miguel Melendez-Rojas, Jose Osvaldo Melendez-Rojas, Rosalio Melendez-Rojas, Francisco Melendez-Perez and Abel Romero-Melendez (17-CR-434 (ARR)).  The court awarded restitution to Delia in the amount of $642,150.00 against the first four defendants, finding joint and several liability.   In so ruling, the court's calculation underestimated the number of months Delia was trafficked, inadvertently excluded medical expenses from the restitution award and misconstrued the applicable standard.   In addition, the court did not award restitution on behalf of Delia against defendant Abel Romero-Melendez.  As such, the amount awarded is not supported by either the facts established in this case or under controlling precedent.

Title 18, United States Code, Section 1593(a) provides that "in addition to any other…criminal penalties authorized by law, the court shall order restitution for any offense under this chapter." The statute further provides that the restitution ordered should be in the "full amount of the victim's losses, as determined by the court under paragraph (3) of this subsection." 18 U.S.C. § 1593(b)(1). Subsection (b)(3), in turn, provides, in pertinent part, that "the term 'full amount of the victim's losses" "shall include a victim's actual losses and "shall in

1



718.935.9192
info@ecpatusa.org
www.ecpatusa.org

addition include the greater of the gross income or value to the defendant of the victim's services or labor."

I. <u>The Court's Order Undercounts the Number of Months that Defendants Trafficked Delia</u>

As the record has established, Delia was trafficked for approximately 42 months, from October 2010 until she escaped in April 2014. In a letter detailing the calculation provided for her affidavit of loss, Delia provided a conservative estimate for three time periods to reflect fluctuations in her gross earnings: October 2010-November 2011 ($395,000), December 2011-May 2012 ($91,500) and June 2012-April 2014 ($1,176,500.00) for a total of $1,663,000. The court accepted as reasonable Delia's estimate of the number of men for whom she was required to provide sexual services and average rate that her traffickers required her to charge per sex act for the 42 months during which she was trafficked. However, the dollar amount ordered only accounted for the final 23 months during which Delia was trafficked ($1,176,500.00), and failed to include the first 19 months of her victimization. Delia respectfully requests that the court correct its ruling to include the entire duration of her victimization in determining the gross amount.

II. <u>The Restitution Order Omits Medical Expenses Incurred by Delia</u>

When delivering its analysis during the sentencing hearing, the court noted that Delia incurred $53,900 in medical expenses that were not otherwise covered. However, the addition of those medical costs are not reflected in the amounts entered in the restitution orders for any of the defendants. Delia respectfully requests that the restitution order be corrected to include these additional medical costs in the amount of $53,900.

III. <u>The Court's Deduction of Fees Shared with Participants in the Criminal Scheme is Inconsistent with Precedent on Restitution for Victims of Sex Trafficking</u>

As established in the record, defendants selected and hired "choferes", or drivers, as central participants in furthering their illegal trafficking scheme. However, when calculating the "gross earnings" that Delia's victimization generated for her traffickers, the Court deducted 50% from those earnings for payments to these drivers. While recognizing the exclusion of proceeds collected by drivers hired by and acting in concert with the traffickers appeared to be a "technical" distinction, the court nonetheless cut the value of Delia's gross earnings in half.



718.935.9192
info@ecpatusa.org
www.ecpatusa.org

This calculation is at odds with the understanding of gross earnings pursuant to 18 U.S.C. § 1593(b)(3).  We submit that the correct calculation of gross earnings is  $1,663,000.00, based on controlling precedent as set forth in United States v. Mammedov, 304 Fed. App'x 922, 927, 2008 WL 5411080, at *3 (2d Cir. Dec. 30, 2008) .  In Mammedov, the Court of  Appeals for the Second Circuit held that that sex trafficking victims shall "receive restitution,  notwithstanding that their earnings came from illegal conduct" and that such amount is the "full amount of the victim's losses", including the greater of the gross income or value to the defendant of the victim's services or labor or the value of the victim's labor…" Mammedov, 304 Fed.  App'x at 927.  In deducting the amount shared by drivers, unindicted co-conspirators selected, hired and coordinated with the traffickers, the court's order reflects net income, a calculation inconsistent with the plain language of Section 1593(b)(3).

The 11th Circuit Court of Appeals recently considered the construction of the term "gross income or value" in ordering restitution for sex trafficking victims in United States v. Williams, 5 F.4th 1295 (11th Cir. 2021).  There, the defendant sought to deduct the costs of income that he claimed was for the benefit of the victims, such as food, housing and clothing.  To allow them to recoup the "full amount of their prostituton earnings *without* deducting their living expense," would result in a windfall.  Williams, 5 F. 4th at 1305.  The 11th Circuit roundly rejected that calculation, and emphasized that Congress explicitly intended to recover "the greater of the *gross income or value*  to the defendant of the victims services or labor…". Williams, 5 F. 4th at 1306 (emphasis in original).  In reviewing the commonly accepted construction of the term "gross," the 11th Circuit held that a trafficking victim is entitled to the full amount, without any offset.  Williams at 1306.  In the matter before this court, the deduction of fees shared by traffickers' criminal accomplices is not merely a "technical" distinction, but a deduction that is inconsistent with Congress' clear intent to award victims the full amount of their gross income.

Applying the precedents in Mammedov and Williams, the correct restitution calculation for Delia's gross earnings in this case would be $1,663,000.00.

> IV.  <u>Defendants Abel Romero-Melendez and Fabian Reyes-Rojas Should be Held Jointly and Severally Liable for Restitution to Delia</u>

Defendant Abel Romero Melendez was convicted on Count 3, Sex Trafficking Conspiracy.   Because he was convicted of conspiracy charges, he should be found jointly and severally liable for criminal monetary penalties to Delia pursuant to 18 U.S.C. § 1593(b)(3).



718.935.9192
info@ecpatusa.org
www.ecpatusa.org

  Likewise, Delia notes that Fabian Reyes-Rojas has pled guilty to Count 3, Sex Trafficking Conspiracy, and pursuant to 18 U.S.C. § 1593(b)(3), should be held jointly and severally liable for criminal monetary penalties due to her when the court imposes its order.

  For the foregoing reason, we respectfully submit that the Court should amend the above-referenced judgments (17-CR-434 (ARR)) to reflect a restitution amount of $1,663,000.00 in gross earnings and $53,900.00 in medical expenses for a total of $1,716,900.

Respectfully submitted,

*[signature]*

Lori. L. Cohen, Esq.
ECPAT-USA
Pro bono counsel for Delia
lcohen@ecpatusa.org
929-489-4632


*Ross Kramer*

Ross Kramer, Esq.
Sanctuary for Families
Co-counsel for Delia
rkramer@sffny.org
646-263-8009